IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SCOTT LOUIS PANETTI,<br>*Petitioner,*<br><br>vs.<br><br>NATHANIEL QUARTERMAN,<br>Director, Texas Department<br>of Criminal Justice,<br>Correctional Institutions Division,<br>*Respondent* | § § § § § § § § § § § § § | CIVIL ACTION NO. A-04-CA-042-SS |

## MOTION FOR PRESENCE OF COUNSEL OR PETITIONER'S EXPERT DURING EXPERT EXAMINATION CONDUCTED BY RESPONDENT'S EXPERT

Comes Now the petitioner, SCOTT LOUIS PANETTI, hereby files his *Motion for Presence of Counsel or Petitioner's Expert During Expert Examinations Conducted by Respondent's Expert*, and would show this Honorable Court the following:

The State has hired Dr. Alan Waldman, a forensic psychiatrist from Florida to examine Scott Panetti the afternoon of November 14, 2007 at the Polunsky Unit in Livingston, Texas. Counsel for Mr. Panetti have sought to have Dr. Conroy present during the evaluation, but Dr. Waldman will not permit it.

Counsel for Petitioner Scott Panetti asks this Court to allow counsel, or one of Petitioner's experts to be present during any competency evaluation of Mr. Panetti conducted by Respondent's experts. The Eighth and Fourteenth Amendments require that the death-

sentenced inmate whose competency is at issue be given the opportunity to contradict the evaluations of the State or court-appointed experts. *Panetti v. Quarterman*, 127 S.Ct. 2842, 2856-57 (2007); *see Ford v. Wainwright*, 477 U.S. 399, 424 (1986) (Powell, J., concurring in part and concurring in the judgment)(holding that prisoner must be permitted to "offer contrary medical evidence" or "explain[] the inadequacies of the State's examinations"). Counsel is therefore entitled to be present so that he can assess the nature and reliability of the evaluations and, if appropriate, offer expert rebuttal evidence to them.

Mr. Panetti has long suffered from paranoid schizophrenia. Specifically, he suffers a delusion wherein he is constantly under attack by evil spiritual forces. He is deeply suspicious of people he does not know. Mr. Panetti does not know Dr. Waldman and will very likely react in a way that will defeat the reliability of the evaluation.

This Court will decide Petitioner's competency based in part on expert evaluations. The Court's decision will ultimately depend on the reliability and objectivity of the evaluations which are conducted. If Mr. Panetti's mental illness prevents him from participating in objective testing, this Court will be left with the same state of affairs that Dr. Parker and Dr. Anderson experienced when they appeared unannounced to interview him in 2003. As the Court will recall, Mr. Panetti confronted them suspiciously, quoted the Bible, and was, from their point of view, uncooperative. While it is unclear whether Dr. Parker or Anderson intended to conduct any formal testing of Mr. Panetti, it is clear that after about an hour, they left without any objective evaluation or test results.

Counsel has a strong interest in the reliability of Dr. Waldman's evaluation. If conducted improperly or a determination is made faulty due to Mr. Panetti's condition, Dr. Waldman may be persuaded to supply the subjective opinion that he is competent. Reliable, objective testing, on the other hand, will demonstrate Mr. Panetti is incompetent. Counsel or one of Petitioner's experts can supply a level of reassurance in order that objective, reliable data is collected during the evaluation. *See* Patricia A. Zapf, *et al.*, *Assessment of Competency for Execution: Professional Guidelines and an Evaluation Checklist*, 21 Behav. Sci. & L. 103, 117-19 (2002) (cited in Brief for American Psychological Association *et al.* as *Amici Curiae* 17-19, which the Supreme Court cited favorably in *Panetti*, 127 S.Ct. at 2863).

Dr. Conroy is located in Huntsville and could otherwise be available on the scheduled date. However, she is presenting at the Texas Psychological Association convention at that time in San Antonio. Counsel would therefore ask that Dr. Conroy and Dr. Waldman be ordered to find a mutually acceptable date and time so that both may be present during the evaluation.

Alternatively, counsel asks that counsel for Mr. Panetti be permitted to be present during the evaluation. Counsel in no way intends to disrupt or impede any testing. On the contrary, presence will aid counsel in ensuring the reliability of the testing or identifying its deficiencies for this Court.

Respectfully submitted,

/s/ _____
KEITH S. HAMPTON
1103 Nueces Street
Austin, Texas 78701
(512) 476-8484 (office)
(512) 762-6170 (cell)
(5120 477-3580 (fax)
*hamplaw@swbell.net*
Texas Bar. No. 08873230


Michael Gross
Attorney at Law
106 South St. Mary's Street, Suite 260
San Antonio, Texas 78205
210-354-1919 (office)
210-354-1920 (fax)

Greg Wiercioch
Texas Defender Service
510 S. Congress Avenue, Suite 304
Austin, Texas 7878704
512-320-8300 (office)
512-477-2153 (fax)
COUNSEL FOR PETITIONER

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SCOTT LOUIS PANETTI,<br>*Petitioner,*<br><br>vs.<br><br>NATHANIEL QUARTERMAN,<br>Director, Texas Department<br>of Criminal Justice,<br>Correctional Institutions Division,<br>*Respondent* | § § § § § § § § § § § § § | CIVIL ACTION NO. A-04-CA-042-SS |

## CERTIFICATE OF CONFERENCE

Undersigned counsel personally delivered this Motion to Respondent's counsel on November 13, 2007.

_____
KEITH S. HAMPTON

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SCOTT LOUIS PANETTI,<br>*Petitioner,*<br><br>vs.<br><br>NATHANIEL QUARTERMAN,<br>Director, Texas Department<br>of Criminal Justice,<br>Correctional Institutions Division,<br>*Respondent* | § § § § § § § § § § § § § | CIVIL ACTION NO. A-04-CA-042-SS |

## CERTIFICATE OF CONFERENCE

Undersigned counsel conferred with counsel for Respondent this day November 13, 2007, and Respondent is opposed to this *Motion for Presence of Counsel or Petitioner's Expert During Expert Examinations Conducted by Respondent's Expert.*

_____
KEITH S. HAMPTON

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SCOTT LOUIS PANETTI,<br>*Petitioner*, | § § § § § | |
| vs. | § | CIVIL ACTION NO. A-04-CA-042-SS |
| NATHANIEL QUARTERMAN,<br>Director, Texas Department<br>of Criminal Justice,<br>Correctional Institutions Division,<br>*Respondent* | § § § § § § § | |

ORDERS REGARDING

MOTION TO REQUIRE RESPONDENT TO GIVE SPECIFIC NOTICE OF EXAMINATION AND REASONABLE OPPORTUNITY TO PREPARE AND ADVISE CLIENT

AND

MOTION REQUIRING PETITIONER'S EXPERT TO BE PRESENT DURING EXPERT EXAMINATION CONDUCTED BY RESPONDENT'S EXPERT

BE IT REMEMBERED on the ___ day of November, 2007, the Court reviewed the *Motion to Require Respondent to Give Specific Notice of Examination and Reasonable Opportunity to Prepare and Advise Client* and *Motion for Presence of Counsel or Petitioner's Expert During Expert Examinations Conducted by Respondent's Expert*, and after due consideration, the Court enters the following:

Petitioner's counsel has a right to notice and opportunity to advise their client

regarding the examinations. IT IS THEREFORE ORDERED that Respondent give specific notice of the purpose and scope of the tests to be administered, including identifying each examination and what it is intended to reveal.

Petitioner also has a right to have his expert ensure the reliability and propriety of the examinations. IT IS THEREFORE FURTHER ORDERED that Petitioner's expert and Respondent's expert communicate and make a mutually acceptable date for testing.

SIGNED this the _____ day of November, 2007.

_____
UNITED STATES DISTRICT JUDGE