IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2008 APR 24  AM 11: 12
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
**ORIGINAL**
BY _____
DEPUTY

| | |
|---|---|
| SCOTT LOUIS PANETTI,<br>*Petitioner,*<br><br>vs.<br><br>NATHANIEL QUARTERMAN,<br>Director, Texas Department<br>of Criminal Justice,<br>Correctional Institutions Division,<br>*Respondent* | § § § § § § § § § § § § § | CIVIL ACTION NO. A-04-CA-042-SS |

## APPLICATION FOR CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), counsel for Petitioner Scott Louis Panetti seek a Certificate of Appealability from this Court. Counsel contend that the issues presented were adequate to deserve encouragement to proceed further. Specifically, counsel asks for a Certificate of Appealability on three issues:

I. Whether Mr. Panetti is incompetent to be executed under *Ford v. Wainwright*, 477 U.S. 399 (1986) and *Panetti v. Quarterman*, 127 S.Ct. 2842 (2007).

II. Whether Mr. Panetti's Eighth Amendment right was violated by this Court's denial of his *Motion for Presence of Counsel or Petitioner's Expert During Expert Examinations Conducted by Respondent's Expert*.

III. Whether Mr. Panetti's Fifth and Sixth Amendment rights were violated by this Court's denial of his *Motion to Require Respondent to Give Specific Notice of Examination and Reasonable Opportunity to Prepare and Advise Client*.

1

## THE COA STANDARD

Without a certificate of appealability, Mr. Panetti cannot take an appeal. 28 U.S.C. § 2253(c); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("[U]ntil a COA issues, the federal courts of appeal lack jurisdiction to rule on the merits of appeals from habeas petitioners."). When a habeas petitioner seeks permission for appellate review of the dismissal of a petition, this Court must limit its examination to a "threshold inquiry into the underlying merits of his claims." *Id.* at 327; 336 ("The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id.* at 336.

A certificate of appealability will be granted if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under the controlling standard, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)("Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). In this case,

the appealability of this issue was recognized both by this Court and the Fifth Circuit, which reached the merits of his incompetency to be executed. Moreover, the United States Supreme Court, by remanding the case to this Court, has also (at least implicitly) expressed the view that an appealability certificate should issue in this case. *Panetti v. Quarterman*, 127 S.Ct. 2842 (2007). Thus, this Court should grant a certificate of appealability on the issue of whether Mr. Panetti is competent to be executed.

This Court should also grant a certificate of appealability to the issues to the crucial examinations conducted by Dr. Waldman and Dr. Allen. Mr. Panetti's counsel had no notice or opportunity to prepare Mr. Panetti for the examination, fearing that without reassurance, Mr. Panetti would not fully cooperate, a reaction the State would use to insist that he was malingering. The United States Supreme Court held in *Estelle v. Smith*, 451 U.S. 343 (1981) that psychiatric evidence obtained from an uncounseled examination of a defendant violated his Sixth Amendment right to counsel. The Supreme Court agreed with the Fifth Circuit Court of Appeals that Smith had "a Sixth Amendment right to the assistance of counsel before submitting to the [] psychiatric interview." *Estelle v. Smith*, 351 U.S. at .469-470.

The Supreme Court did not reach the question of whether the failure to give notice deprived Smith of due process under the Fourteenth Amendment. *Estelle v. Smith*, 351 U.S. at 474 n. 17. However, the Fifth Circuit did find that the lack of notice of future dangerousness reports violated due process. *Smith v. Estelle*, 692 F.2d 604, 700-701 (1979)(relying on *Gardner v. Florida*, 430 U.S. 349, (1977). Moreover, the Eighth and

3

Fourteenth Amendment rights of death-sentenced inmates for the opportunity to contradict the evaluations of State experts is undermined if the inmate's attorney or expert cannot be present during the crucial examination. *Panetti v. Quarterman*, 127 S.Ct. 2842, 2856-57 (2007); *see Ford v. Wainwright*, 477 U.S. 399, 424 (1986) (Powell, J., concurring in part and concurring in the judgment)(holding that prisoner must be permitted to "offer contrary medical evidence" or "explain[] the inadequacies of the State's examinations"). Counsel should at a minimum either been given notice of Dr. Waldman and Dr. Allen and an opportunity to prepare Mr. Panetti, or been present personally or through other experts at the examination to ensure its legitimacy and reliability.

The Supreme Court has emphasized that "a COA does not require a showing that the appeal will succeed." *Miller-El*, 537 U.S. at 337. This Court should not refuse to issue a COA merely because it believes Mr. Panetti cannot demonstrate an entitlement to relief. At issue is the debatability of the underlying constitutional claim, not the resolution of that debate. *Id.* at 342. As *Miller-El* recognized, the COA standard:

> would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner has already failed in that endeavor.

*Id.* (citation and internal quotation marks omitted). Finally, the dire nature of the penalty in a capital case is a relevant consideration in determining whether to issue a Certificate of Appealability. *Lamb v. Johnson*, 179 F.3d 352, 356 (5th Cir. 1999). Because this is a capital

4

case, the Court should resolve any doubts as to whether it should issue a certificate in Mr. Panetti's favor. *Matchett v. Dretke*, 380 F.3d 844, 848 (5th Cir. 2004)(citing *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000)). In light of these considerations, this Court should grant a certificate of appealability on each of these issues.

## CONCLUSION

For the reasons stated, counsel for Mr. Panetti asks the Court to grant a Certificate of Appealability on the issues set forth in this application.

Respectfully submitted,

**Keith S. Hampton**
1103 Nueces Street
Austin, Texas 78701
(512) 476-8484
(512) 476-0953


**Michael C. Gross**
106 South St. Mary's Street, Suite 260
San Antonio, Texas 78205
(210) 354-1919
(210) 354-1920 (fax)

Counsel for Scott Louis Panetti

## CERTIFICATE OF SERVICE

    I certify that a copy of the foregoing was mailed, via First Class U.S. Mail, to Tina J. Dettmer, Assistant Attorney General, P.O. Box 12548, Capitol Station, Austin, Texas 78711-2548, on this day, April 24, 2008.