IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2008 MAY -5 AM 9: 34
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

SCOTT LOUIS PANETTI,
        Petitioner,

-vs-                                        Case No. A-04-CA-042-SS

NATHANIEL QUARTERMAN, Director, Texas
Department of Criminal Justice, Institutional
Division,
        Respondent.

## ORDER

BE IT REMEMBERED on the 2nd day of May 2008 the Court reviewed the file in the above-styled cause, specifically Petitioner Scott Panetti's Application for Certificate of Appealability [#160]. Pursuant to 28 U.S.C. § 2253(c), Panetti seeks a Certificate of Appealability (COA) on three issues:

    I. Whether Mr. Panetti is incompetent to be executed under *Ford v. Wainwright*, 477 U.S. 399 (1986) and *Panetti v. Quarterman*, 127 S.Ct. 2842 (2007).

    II. Whether Mr. Panetti's Eighth Amendment right was violated by this Court's denial of his *Motion for Presence of Counsel or Petitioner's Expert During Expert Examinations Conducted by Respondent's Expert* [Clerk's Docket # 84].

    III. Whether Mr. Panetti's Fifth and Sixth Amendment rights were violated by this Court's denial of his *Motion to Require Respondent to Give Specific Notice of Examination and Reasonable Opportunity to Prepare and Advise Client* [Clerk's Docket #85].

Application at 1.

    A COA is necessary for Panetti to pursue an appeal on any of these grounds. 28 U.S.C. § 2254(c); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A COA is appropriate when the

petitioner makes a threshold showing that "reasonable jurists could depate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

With regard to Panetti's first issue, whether he is incompetent to be executed under *Ford* and *Panetti I*, a COA is certainly appropriate. The Supreme Court, in reversing and remanding the original denial of Panetti's *Ford* claim, instructed this Court to take "the *initial* opportunity to resolve petitioner's constitutional claim," *Panetti I*, 127 S.Ct. at 2863 (emphasis added), clearly contemplating further appellate review of this Court's decision. Considering the gravity of the issues and the difficulty of articulating a standard for deciding Panetti's constitutional claim given the unique facts of this case, further appellate review of Panetti's *Ford* claim is undeniably warranted.

Panetti seeks a COA on two sub-issues: whether this Court should have granted his motion to have Panetti's own attorney or expert present during psychological examinations conducted by the State's experts, and whether this Court should have required the State's expert to give specific notice of the substance of his proposed examination questions and techniques. In his "Motion for Presence of Counsel," Clerk's Docket #84, counsel for Panetti argued the presence of a member of Panetti's defense team with whom Panetti had built a relationship of trust would encourage Panetti to cooperate fully with the State's experts. Counsel for Panetti argued this measure was necessary in light of Panetti's history of refusing to cooperate with the State's experts in the 2004 proceedings. In the "Motion to Require Respondent to Give Specific Notice," Clerk's Docket #85, counsel for Panetti further argued advance notice of the "specific" content of the proposed examination would

be necessary so that the defense team could prepare Panetti to cooperate fully and also so that counsel could prepare objections tot he reliability and objectivity of the expert evaluation.

The Court denied both motions in an Order dated November 13, 2007, noting: "the traditional method of developing an evidentiary record in our adversary system is to allow each party the opportunity to independently investigate and evaluate the available witnesses and evidence, with liberal discovery available to each side." Order at 2, citing FED. R. EVID. 26(a)(2). This independent investigation, to which the State is entitled just as Petitioner is, would be frustrated by "imposing the presence of Panetti's counsel or retained expert witness during the State's independent examination, particularly for the express purpose of influencing the examination." *Id.*

The motions and the State's response established counsel for Panetti had ample advance notice of the specific date of the proposed examination. *See* Clerk's Docket # 85, 86. The Court accordingly advised counsel "[a] more appropriate time for Panetti's legal team to counsel him regarding cooperation with the State's expert witness is during normal attorney-client conferences before the examination takes place." *Id.* With regard to counsel's contention that advance notice of the "specific" content of the proposed examination would be necessary to prepare his client and his objections, the Court noted Federal Rule of Civil Procedure 26(a)(2)(B) provides for expert disclosures. The Court noted counsel for Panetti not only failed to establish a justification for discovery outside the scope and timetable of Rule 26(a), but Panetti's defense team "has already arranged several psychological and neuropsychological examinations of Panetti without providing advance 'notice' of the substance of the examinations to the State, inviting a witness for the State to attend, or videotaping the examinations." Order at 3.

Panetti now contends "counsel had no notice or opportunity to prepare Mr. Panetti for [the State's] examination," a statement that is completely unsupported by the record. Both Panetti's "Motion for Presence of Counsel" (Clerk's Docket #84) and "Motion to Require Respondent to Give Specific Notice" (Clerk's Docket # 85) specifically note the State's expert, Dr. Waldeman, would be examining Panetti on November 14, 2007. The motions were filed on November 13, 2007, but the State's response in opposition points out "counsel has known for at least two weeks that the Director was planning to schedule Panetti's evaluation for tomorrow, November 14, 2007." Clerk's Docket #86 at 2. In other words, to the extent Panetti argues his counsel did not have "notice" in the sense of advance warning sufficient to give him the opportunity to prepare Panetti for the examination, this argument is without any factual basis and is entirely frivolous. No certificate of appealability will issue on the question of whether Panetti's counsel had sufficient notice of the fact of the examinations or a reasonable opportunity to prepare Panetti for them.

It is a different, and somewhat closer question whether the unique circumstances of this case entitled Panetti's counsel to "specific notice" of the proposed examination instruments and questions in order to prepare Panetti to cooperate fully in the State's evaluation. A related question is whether the unique facts of the case entitled counsel or a defense expert to be present in order to encourage Panetti to cooperate fully in the State's evaluation. The key issue in this case is Panetti's mental state, and the question of malingering is of particular concern. Therefore, it is certainly debatable whether an advance explanation of the testing instruments and the presence of a member of the defense team "encourag[ing] him to participate fully in the State's examination" would facilitate the examination of Panetti's mental functioning or obscure the possibility of malingering. Accordingly, a certificate of appealability is granted on Panetti's issues II and III. The COA regarding issue III

is limited to the question of whether Panetti was entitled to advance "notice of the purpose, scope, and methodology of the examination" beyond the discovery guaranteed by Rule 26. *See* Motion to Require Respondent to Give Specific Notice, Clerk's Docket #85, at 1–2. The record establishes Panetti had a reasonable opportunity to consult with counsel in advance of the examination and therefore the question of whether he had sufficient advance notice of the fact and timing of the examination and a reasonable opportunity to prepare for it is not appealable.

## Conclusion

In accordance with the foregoing,

IT IS ORDERED that Panetti's Application for Certificate of Appealability is GRANTED in PART. The issues described in Panetti's Application are fully appealable with the exception of issue III, which shall be appealable but limited to the question of whether Panetti was entitled to advance "notice of the purpose, scope, and methodology of the examination" beyond the discovery guaranteed by Rule 26.

SIGNED this the 2nd day of May 2008.

SAM SPARKS
UNITED STATES DISTRICT JUDGE