UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **SCOTT LOUIS PANETTI,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. A-04-CA-042-RP |
| | § | |
| **BOBBY LUMPKIN, Director,** | § | * DEATH PENALTY CASE * |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**ORDER**

Before the Court is Petitioner's Advisory filed August 9, 2021 (ECF No. 238). Previously, the Fifth Circuit remanded this case to determine Petitioner's competency to be executed under *Ford v. Wainwright*, 477 U.S. 399 (1986). (ECF No. 186). On October 22, 2018, this Court granted Petitioner's motion to stay these proceedings to allow him to return to state court for exhaustion purposes. (ECF No. 208). Pursuant to the stay order, counsel for Petitioner were required to notify this Court immediately when the Texas Court of Criminal Appeals disposed of Petitioner's subsequent state habeas corpus application. *Id*. Within 45 days of the state court's disposition, the parties were also required to provide this Court with a joint proposed scheduling order for the continued litigation of Petitioner's *Ford* claim. *Id*. Neither of these things happened.

Instead, counsel for Petitioner filed the instant Advisory on August 9, 2021, informing the Court that Petitioner's subsequent state habeas application had been dismissed on June 23, 2021. (ECF No. 238). The advisory further states that, before the parties are required to submit a joint proposed scheduling order, the Court should address new evidence "that calls into

question the integrity of the 2008 federal evidentiary hearing on [Petitioner's previous *Ford* claim]." *Id*. Petitioner requests an additional thirty days to file a motion seeking relief based on this evidence. However, any inquiry into the integrity of the 2008 evidentiary hearing is unnecessary at this juncture given the fact that the Court must make a new determination of Petitioner's *Ford* claim. Indeed, the Fifth Circuit remanded this case with instructions to "determine *afresh* [Petitioner]'s competency to be executed." *Panetti v. Davis*, 863 F.3d 366, 378 (5th Cir. July 11, 2017) (emphasis added); (ECF No. 186).

Accordingly, it is hereby **ORDERED** that:

1. Petitioner's request for a 30-day extension of time to file a motion regarding the integrity of the Court's 2008 evidentiary hearing is **DENIED**.

2. On or before **30 days** from the date of this Order, the parties shall submit a joint proposed scheduling order for the litigation of Petitioner's competency to be executed. The joint proposed scheduling order should include proposed dates for the following: (1) the evidentiary hearing itself, which is to take place no sooner than **June 2022**; (2) the submission of witness lists, expert disclosures, and discovery motions prior to the hearing; (3) the submission of post-hearing briefing following the conclusion of the hearing; and (4) any other deadline the parties deem necessary.

It is so **ORDERED**.

SIGNED this  12th   day of August, 2021.

                                                     **ROBERT PITMAN**
                                                     **UNITED STATES DISTRICT JUDGE**