UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SCOTT LOUIS PANETTI<br>Petitioner<br><br>V.<br><br>BOBBY LUMPKIN,<br>Director, Texas Department<br>of Criminal Justice,<br>Correctional Institutions<br>Division<br>  Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 1:04-CV-00042-RP<br><br>* DEATH PENALTY CASE * |

### PETITIONER'S MOTION FOR CLARIFICATION
### OF ORDER DENYING REQUEST FOR STAY

As this Court noted in its order of August 12, 2021, the Fifth Circuit ordered this Court to "determine afresh" Scott Panetti's claim that he is incompetent to be executed. ECF No. 240 (quoting *Panetti v. Davis*, 863 F.3d 366, 378 (5th Cir. 2017)). For that reason, this Court concluded, any challenge to the integrity of the 2008 *Ford* federal evidentiary hearing based on the recent revelations surrounding the emergency restriction of Dr. Alan J. Waldman's medical license is "unnecessary." *Id*. Counsel for Scott Panetti ask the Court for clarification of its order before requiring the parties to submit a proposed joint scheduling order by September 8, 2021.

It is unclear whether this Court's reference to the "determine afresh" instruction from the Fifth Circuit means that this Court will consider at the new *Ford* competency hearing: (1) *any* evidence related to Scott Panetti's current mental status, even if that evidence does not show his mental status has substantially

1

changed since he was last evaluated shortly before the 2008 hearing; or (2) *only* evidence that shows his mental status has substantially changed since 2008. It is also unclear whether any inquiry into Dr. Waldman's credibility is "unnecessary" because the Court will no longer give weight to the finding it made in 2008—based largely on Dr. Waldman's evaluation and testimony[1]—when assessing Scott Panetti's current competency. In other words, does the Fifth Circuit's "determine afresh" instruction render Scott Panetti's mental status in 2008 irrelevant? Counsel need clarification on these issues before they can realistically map out the time needed to prepare for the evidentiary hearing. Determining the scope of counsel's discovery and investigative tasks will depend on the kind of evidence the Court will consider at the hearing. Accordingly, this Court should resolve the issues now, before setting a deadline for the parties to submit a proposed joint scheduling order.

      This Court's reference to the "determine afresh" instruction could be read in the context of its 2008 ruling to limit the evidence presented at the new hearing to only that evidence that does more than supplement the existing record. With Scott Panetti's execution date looming in late 2014, this Court (the Honorable Sam Sparks presiding) refused to stay the execution, appoint compensated counsel, or provide funds for a mental health expert. This Court explained that the limited

---

[1] *See Panetti v. Quarterman*, No. 1-04-CV-042-SS, 2008WL2338498, at *36 (W.D. Tex. Mar. 26, 2008) ("As he told Dr. Waldeman [sic], 'You treat mental illness.' …. Panetti's understanding of the causal connection between his crime and his punishment is most clearly demonstrated by his rationally articulated position that the punishment is unjustified: He believes the State should not execute him because he was mentally ill when he committed the murders.").

evidence Scott Panetti was able to develop in 2014 did not differ significantly from the evidence presented at the 2008 federal evidentiary hearing:

> [C]onsidering the question in light of the wealth of evidence on the issue of Panetti's competency previously amassed in this case, Panetti's evidence of incompetence is insufficient to make the threshold showing necessary to trigger *Ford*. The Court has twice appointed counsel for Panetti, twice funded expert investigations of his mental condition, and twice held extensive evidentiary hearings on his competency. While much of the behavior recounted in the new TDCJ records provided by Panetti is certainly strange, it is not measurably different from the behavior documented in the records scrupulously examined by this Court in its March 26, 2008 Order.
> ….
> Were this a case with a less-developed factual record, this Court's decision might well be different; however, in light of the history of this case and in consideration of the evidence Panetti has placed before the Court, the Court concludes Panetti's attempt to begin the cycle of litigation afresh should be rejected.

*Panetti v. Stephens*, No. A-04-CA-42-SS, slip opinion at 9–10, 12 (W.D. Tex. Nov. 26, 2014); *see id.* at 13 ("Panetti has extensively litigated this issue, and has presented no evidence of incompetence different in kind from that previously considered and ultimately rejected by this and other Courts."); *see Panetti*, 863 F.3d at 375 (explaining that Scott Panetti first must be given the necessary tools to allow him the opportunity to develop new evidence of his incompetency rather than evidence that "would only be 'supplemental' to that already contained in the record").

Limiting the relevant evidence to only that which shows a substantial change in Scott Panetti's mental status since 2008 would require counsel to develop new, materially different evidence now. Moreover, any reliance on the evaluation and testimony of Dr. Waldman—on which this Court largely,

3

if not entirely, based its 2008 finding—would require counsel to develop evidence to impeach him. On the other hand, if this Court intends to determine Scott Panetti's current competency without limiting it to evidence showing a substantial change in his mental status since 2008, or relying on the evidence presented by Dr. Waldman, then counsel's preparation for the hearing will require a different set of tasks. Clarifying these issues now will enable counsel for Scott Panetti to craft a realistic proposed joint scheduling order.

## CONCLUSION

Counsel for Scott Panetti ask this Court to clarify its order denying a stay of the deadline requiring the parties to submit a proposed joint scheduling order by September 8, 2021.

Respectfully submitted,

*s/ Gregory W. Wiercioch*
GREGORY W. WIERCIOCH

Counsel for Petitioner Scott Louis Panetti
Texas Bar No. 00791925

Frank J. Remington Center
University of Wisconsin Law School
975 Bascom Mall
Madison, Wisconsin 53706
wiercioch@wisc.edu
(832) 741-6203
(608) 263-3380 (FAX)

Maureen Scott Franco

4

Federal Public Defender

*s/ Tivon Schardl*
TIVON SCHARDL

Counsel for Petitioner Scott Louis Panetti
Bar Number: Florida 73016

Supervisory Federal Public Defender
Capital Habeas Unit
Western District of Texas
Lavaca Plaza
504 Lavaca St., Ste. 960
Austin, Texas 78701
(512) 916-5025
(512) 916-5035 (FAX)

## CERTIFICATE OF SERVICE

I certify that on this 1st day of September 2021, I electronically filed the foregoing advisory with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system. A "Notice of Electronic Filing" was sent to Counsel for Respondent at the following e-mail address:

Rachel L. Patton
Assistant Attorney General
rachel.patton@oag.texas.gov

*s/ Gregory W. Wiercioch*