UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **SCOTT LOUIS PANETTI,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. A-04-CA-042-RP |
| | § | |
| **BOBBY LUMPKIN, Director,** | § | * DEATH PENALTY CASE * |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER ON MOTION FOR CLARIFICATION

Before the Court is Petitioner's Motion (ECF No. 241) requesting clarification of the Court's previous Order dated August 12, 2021 (ECF No. 240). Specifically, Petitioner asks the Court to clarify whether, at the evidentiary hearing to be scheduled to determine Petitioner's competency to be executed, the Court will consider (1) *any* evidence relating to Petitioner's current mental status, or (2) *only* evidence that shows his mental status has changed since the Court's last evidentiary hearing on the matter in 2008. According to Petitioner, the scope of the discovery and investigative tasks will depend on whether the Court intends to limit the hearing only to evidence that supplements the evidence presented at the 2008 hearing.

The Court clearly stated that an inquiry into the integrity of the evidence presented at the 2008 evidentiary hearing was unnecessary because a "new determination" on Petitioner's competency to be executed is required. Even more clear was the Fifth Circuit's lengthy opinion remanding this case for a new competency determination because the last such determination took place well over a decade ago. *Panetti v. Davis*, 863 F.3d 366, 375 (5th Cir. 2017) ("Given that lapse of time, we cannot say that any new evidence would only be 'supplemental' to that already contained in the record."); (ECF No. 186). Thus, this Court is to conduct "further

proceedings to determine *afresh* [Petitioner]'s competency to be executed." *Id*. at 378 (emphasis added). No further clarification should be necessary.

Accordingly, it is hereby **ORDERED** that:

1. Petitioner's Motion for Clarification, filed September 1, 2021 (ECF No. 241), is **DENIED**.

2. On or before **Monday, September 20, 2021**, the parties shall submit a joint proposed scheduling order for the litigation of Petitioner's current competency to be executed. The joint proposed scheduling order should include proposed dates for the following: (1) the evidentiary hearing itself, which is to take place no sooner than **June 2022**; (2) the submission of witness lists, expert disclosures, and discovery motions prior to the hearing; (3) the submission of post-hearing briefing following the conclusion of the hearing; and (4) any other deadline the parties deem necessary.

**SIGNED this 9th day of September, 2021.**

_____
**ROBERT PITMAN
UNITED STATES DISTRICT JUDGE**