IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SCOTT PANETTI, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | A-04-CA-042-RP |
| BOBBY LUMPKIN, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

## PROPOSED SCHEDULING ORDER

Pursuant to the Fifth Circuit Court of Appeals opinion issued in this case on July 11, 2017, this Court will hold a hearing on Petitioner's claim pursuant to *Ford v. Wainwright*.[1] In anticipation of such, this Court enters the following scheduling order:

1. Counsel for Scott Panetti shall file a petition for writ of habeas corpus raising a *Ford* claim on or before June 15, 2022.

2. The State shall file its answer to the habeas petition on or before September 13, 2022.

3. Counsel for Scott Panetti shall file their reply to the State's answer on or before October 13, 2022.

4. The parties shall move for any discovery on or before 180 days before the hearing.[2]

5. All discovery shall be completed by 120 days prior to the hearing.

---

[1] 477 U.S. 399 (1986).
[2] The parties reserve the right to object to any requested discovery.

6. Each party will identify to the opposing party all testifying experts (other than experts called solely to rebut the opinions of an opposing party's experts), including the CV of the expert and the subject matter on which each expert is expected to testify, and serve reports from each expert by 60 days prior to the hearing. Any expert report will include: 1) the expert's name, address, and telephone number; 2) the subject matter on which the expert will testify; 3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information; 4) if the expert is retained by, employed by, or otherwise subject to the control of the responding party: (a) all documents, notes, tangible things, reports, models, data compilations, or any other written or recorded information that has been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; (b) the expert's current resume and bibliography; (c) the expert's qualifications, including a list of all publications authored in the previous 10 years; and (d) except when the expert is the responding party's attorney and is testifying to attorney fees, a list of all other cases in which, during the previous four years, the expert testified as an expert at trial or by deposition.

7. Each party shall identify their respective hearing witnesses and any rebuttal expert witnesses, subject to the same provisions as Section 3 above, by 45 days prior to the hearing. Such witness lists will include the name of each witness the party believes is relevant to the designated issues and each witness's contact information, a brief summary of each witness's expected testimony. Absent agreement by the parties or leave of court, the parties may not designate additional witnesses, lay or expert, after this deadline. All witnesses will be presented live.

8. The parties shall exchange exhibit lists along with any business record affidavits in digital form on or before 30 days

prior the hearing. Each exhibit proposed by the Petitioner will be designated as "Petitioner's Ex." and consecutively numbered, and each exhibit proposed by the Respondent will be designated "Respondent's Ex." and consecutively numbered.

9. Any written objections to witnesses or exhibits and any other pre-hearing motions, including motions *in limine*, shall be served on or before 21 days prior to the hearing. Responses are due on or before 14 days prior to the hearing.

10. If the parties file objections or pretrial motions, the Court will hold a hearing resolving any such objections or pretrial motions 10 days prior to the hearing.

11. The Court will begin the hearing at 9:00 a.m. xxx

10. The parties will file Proposed Findings of Fact and Conclusions of Law within <u>45 days</u> following the receipt of the hearing transcript.

11. Closing arguments will be scheduled at a date convenient to the parties and the Court, but within 30 days of submission of the Proposed Findings of Fact and Conclusions of Law.

12. The evidentiary hearing will be limited to one week, begin on a date to be determined by the Court after consultation with the parties, and continue day-to-day until completion of the presentation of evidence.

13. The parties may modify any of the deadlines in subparagraphs by agreement of the parties without leave of Court. The dates and deadlines set forth in may not be amended without further order of the Court, which may be sought upon request by any party.

SO ORDERED.

Signed this _____ day of September, 2021, at Austin, Texas.

                                                                                _____
                                                                                Robert Pitman
                                                                                United States District Judge