UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SCOTT LOUIS PANETTI, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. A-04-CA-042-RP |
| | § | |
| BOBBY LUMPKIN, Director, | § | * DEATH PENALTY CASE * |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER SETTING EVIDENTIARY HEARING

The sole issue before the Court is whether Petitioner is currently competent to be executed under the standard set forth in *Ford v. Wainwright*, 477 U.S. 399 (1986), and *Panetti v. Quarterman*, 551 U.S. 930 (2007). As this issue is legally straight forward but factually intensive, the Court will not be aided by any further briefing by the parties, but will instead base its determination primarily on live testimony and evidence presented to the Court. To that end, an evidentiary hearing will be scheduled to "determine *afresh* [Petitioner]'s competency to be executed." *Panetti v. Davis*, 863 F.3d 366, 378 (5th Cir. July 11, 2017) (emphasis added); (ECF No. 186).[1]

Accordingly, it is hereby **ORDERED** that:

1. An evidentiary hearing will be held beginning **Tuesday, October 11, 2022, at 9:00 a.m.** in Courtroom 4, on the fifth floor of the United States Courthouse, 501 W. Fifth Street,

---

[1] Fifth Circuit precedent indicates that a petitioner's *Ford* claim normally does not become ripe until after an execution date has been scheduled. *ShisInday v. Quarterman*, 511 F.3d 514, 521-22 (5th Cir. 2007) (holding that the setting of an execution date "causes a *Ford*-based incompetency claim to become ripe.") (citing *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643, (1998)). In this case, an execution date was originally scheduled prior to the Fifth Circuit staying the execution date and ultimately remanding the case with instructions to "conduct any further proceedings to determine afresh [Petitioner]'s competency to be executed." (ECF No. 186 at 19). Because the Fifth Circuit specifically remanded for a competency determination, and both parties have represented to the Court that they consider Petitioner's execution imminent, the Court will consider Petitioner's *Ford* claim to be ripe for review.

Austin, Texas 78701.  The hearing, which is to last no longer than four days, will allow the parties to present testimony and other evidence concerning Petitioner's present competency to be executed and will address:

> "not only [Petitioner]'s factual awareness of the crime, the impending execution, and the state's reason for executing [him], but also some degree of 'rational understanding' of the connection between the crime and the punishment[.]" *Panetti v. Stephens*, 727 F.3d 398, 406 (5th Cir. 2013).

2. **TDCJ Records:** Respondent has previously agreed to provide Petitioner's counsel with Petitioner's TDCJ records—including medical records and non-legal audio recordings—every three months until the hearing takes place. (ECF Nos. 193, 206).  To the extent this obligation has not been met, Respondent shall provide these records to counsel for Petitioner on or before **180 days** prior to the start of the evidentiary hearing and will update these records every three months until the hearing takes place.

3. **Discovery:** The parties shall move for any further discovery on or before **180 days** prior to the start of the evidentiary hearing and discovery shall be completed within **120 days** of the hearing.

4. **Expert Witnesses:** On or before **60 days** prior to the start of the evidentiary hearing, each party must submit to the Court and opposing counsel a list of all experts who may testify at the hearing.  The parties shall also serve on opposing counsel the materials required under Federal Rule of Civil Procedure 26(a)(2)(B), including any testing data, notes, or reports generated by these experts.

5. **Witness/Exhibit Lists:** On or before **30 days** prior to the start of the evidentiary hearing, each party must submit to the Court and opposing counsel a list of the witnesses and exhibits each party intends to present at the hearing, along with a brief summary of each witness's proposed testimony.  The parties shall also exchange exhibit binders containing

any exhibit, record, or report—properly labeled and numbered—they wish the Court to consider in determining Petitioner's current competency to be executed.

It is further **ORDERED** that the Clerk of the Court shall issue the appropriate writ of habeas corpus ad testificandum to the Director of the Texas Department of Criminal Justice, Correctional Institutions Division, and to the warden of the Allan Polunsky Unit, 3872 FM 350 South, Livingston, Texas, 77351, directing them to transport Petitioner to Austin, Texas, on or before the above date in order to participate in this hearing.

It is further **ORDERED** that the warden of the Polunsky Unit, or whosoever may have custody of Petitioner, shall permit the parties and their experts to visit and examine Petitioner for the purposes of evaluating Petitioner's current competency to be executed.

It is further **ORDERED** that Petitioner shall cooperate with all experts who wish to conduct a mental health examination. Petitioner is advised that any failure on his part to cooperate with the efforts of either Respondent's experts or his own will be taken into consideration by this Court in determining his competency to be executed.

Finally, the parties are warned that **no requests to reschedule the evidentiary hearing will be entertained**. Any party seeking an extension of any of the other deadlines contained herein shall file a formal motion requesting such extension prior to the applicable deadline and show why, despite the exercise of diligence, the party is unable to comply with this Order in a timely manner.

**SIGNED this 6th day of January, 2022.**

_____
**ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**