UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SCOTT LOUIS PANETTI<br>Petitioner<br><br>V.<br><br>BOBBY LUMPKIN,<br>Director, Texas Department<br>of Criminal Justice,<br>Correctional Institutions<br>Division<br>    Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 1:04-CV-00042-RP<br><br>* DEATH PENALTY CASE * |

**PETITIONER'S MOTION TO AMEND SCHEDULING ORDER**

Although this Court notified the parties that it would not consider any requests to reschedule the evidentiary hearing, it may not have been clear from the status conference that counsel for Scott Panetti have never filed a petition for writ of habeas corpus raising the claim that he is currently incompetent for execution. Because counsel have not yet had a meaningful opportunity to develop the claim, and because the Fifth Circuit explicitly ordered that counsel be afforded such an opportunity, counsel for Scott Panetti respectfully ask this Court to amend the scheduling order and grant him until October 11, 2022, to develop his execution competency claim and file a habeas petition. This Court should then set the hearing 90 days after the State has had an opportunity to respond to the petition.

1

This Court notes in its scheduling order that further briefing is unnecessary. ECF No. 251. But no merits briefing—indeed, *no federal habeas petition*—has been filed raising a *Ford* claim. This Court's statement that the sole issue on remand is "whether Petitioner is currently competent to be executed" is incorrect. The Fifth Circuit reversed the case because Judge Sparks denied Scott Panetti the time and resources needed to present the claim. The Fifth Circuit ordered this Court to provide those resources as the necessary first step in developing a claim of incompetency:

> With the benefit of time and argument, we must conclude that the district court's conclusion was tainted by the inadequate due process protection provided to Panetti by the State. We need not and do not treat the merits of Panetti's claim that he is incompetent to be executed—that is for the district court *after Panetti has been afforded the opportunity to develop his position*.

*Panetti v. Davis*, 863 F.3d 366, 376 (5th Cir. 2017) (emphasis added). The Fifth Circuit was particularly troubled by Judge Sparks's refusal to give Scott Panetti the time needed to fully develop the facts of his claim of incompetency:

> Process matters, and gives rise to the aged observation that, in the law, the shortest distance between two points is seldom a straight line. Truncated hearings and exacting strictures can squeeze the life from due process, while perversely creating years of delay, all for a refusal to give a few days of time—this most seriously so when the issue is not whether a defendant is mentally ill, but the more subtle reaches of his disability…. Mr. Wiercioch has, in our best traditions, served his client for years with limited resources and time. To refuse to give him the time and resources critical to review Panetti's present condition is error, borne of understandable but nevertheless error-producing frustration over the delay baked into our death penalty jurisprudence—with its twists and turns between two sovereigns.

2

*Id.* at 378.

Failing to allow time to develop and present a petition alleging execution incompetency would truncate the proceedings and impose exacting strictures at the expense of due process. Indeed, both the State and counsel for Scott Panetti agreed in their separate proposed scheduling orders that filing a habeas petition raising a claim of current incompetency for execution is a prerequisite to holding an evidentiary hearing. *See* ECF Nos. 243, 244. In fact, the State's proposed scheduling order gave Scott Panetti roughly nine months to file his *Ford* petition (September 2021–June 2022)—the same amount of time counsel for Scott Panetti now request (January–October 2022). Foregoing the procedural step of filing a habeas petition would deprive his counsel of the critical element of time.

This Court must keep in mind that *no court* has ever validly found that Scott Panetti is competent for execution. The Supreme Court held that Judge Sparks used an unconstitutional standard in finding Scott Panetti competent for execution after the 2004 evidentiary hearing. *See Panetti v. Quarterman*, 551 U.S. 930, 958 (2007) ("[T]he *Ford* opinions nowhere indicate that delusions are irrelevant to 'comprehension' or 'awareness' if they so impair the prisoner's concept of reality that he cannot reach a rational understanding of the reason for the execution.") (brackets omitted). In finding Scott Panetti competent for execution in 2008, Judge Sparks gave great weight to the testimony of the State's expert Dr. Alan Waldman. *Panetti v. Quarterman*, No. A-04-CA-042-SS, 2008WL2338498, at *24–*26, *36 (W.D. Tex. Mar. 26, 2008). In 2021, Dr. Waldman was stripped of his license to

practice medicine after the Florida Department of Health found that he has been addicted to opioid pain medication for decades. *See* ECF No. 238. When Dr. Waldman worked as a forensic neuropsychiatrist, he would occasionally take narcotic medication prior to testifying to avoid experiencing symptoms of withdrawal while testifying. *Id.* In 2014, Judge Sparks relied on that unsound 2008 decision to find that Scott Panetti had not presented measurably different evidence from that previously considered and rejected. Judge Sparks refused to stay the execution, appoint compensated counsel, or provide funds for a mental health expert. *Panetti v. Stephens*, No. A-04-CA-42-SS, slip opinion at 9–10, 12, 13 (W.D. Tex. Nov. 26, 2014).

Because no court has yet made a legitimate determination of Scott Panetti's previous claims of incompetency for execution, he need not limit his evidence to that showing his mental status has substantially changed since he was last evaluated, shortly before the 2008 hearing. All of the TDCJ records encompassing his 25 years on death row remain potentially relevant, as well as his pre-offense mental health history. *See Panetti*, 551 U.S. at 949 (recognizing relevance of "extensive evidence of mental dysfunction considered in earlier legal proceedings"). The TDCJ records alone will likely total over 10,000 pages. Counsel for Scott Panetti must then review and summarize these records for the benefit of the experts they retain.

To carve in marble the hearing deadline seems imprudent in light of Scott Panetti's massive mental health record, this case's lengthy history, and the Fifth

4

Circuit's express and repeated due process concerns. As Judge Higginbotham emphasizes:

> [A] petitioner bringing claims under *Ford* and the State crafting a response must travel in uncharted water—uncertainties for all. This opinion does not undertake to resolve these uncertainties; it rather insists that their resolution proceed with fully armed counsel on both sides—the essence of due process.

*Panetti*, 863 F.3d at 376; *see id.* at 368 (characterizing the remand as "another chapter in this judicial plunge into the dark forest of insanity and death directed by the flickering and inevitably elusive guides").

## CONCLUSION

Counsel for Scott Panetti ask this Court to amend the scheduling order and allow them until October 11, 2022, to file a petition for writ of habeas corpus raising a *Ford* claim. The additional time will give counsel a meaningful opportunity to complete discovery, review and digest the voluminous mental health records, and consult with experts in developing a claim that Scott Panetti is currently incompetent for execution.

Respectfully submitted,

*s/ Gregory W. Wiercioch*
GREGORY W. WIERCIOCH

Counsel for Petitioner Scott Louis Panetti
Texas Bar No. 00791925

Frank J. Remington Center
University of Wisconsin Law School
975 Bascom Mall

5

Madison, Wisconsin 53706
wiercioch@wisc.edu
(832) 741-6203
(608) 263-3380 (FAX)

Maureen Scott Franco
Federal Public Defender

*s/ Tivon Schardl*
TIVON SCHARDL

Counsel for Petitioner Scott Louis Panetti
Bar Number: Florida 73016

Supervisory Federal Public Defender
Capital Habeas Unit
Western District of Texas
Lavaca Plaza
504 Lavaca St., Ste. 960
Austin, Texas 78701
(512) 916-5025
(512) 916-5035 (FAX)

## CERTIFICATE OF SERVICE

I certify that on this 18th day of January 2022, I electronically filed the foregoing advisory with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system. A "Notice of Electronic Filing" was sent to Counsel for Respondent at the following e-mail address:

Jay Clendenin
Assistant Attorney General
jay.clendenin@oag.texas.gov

*s/ Gregory W. Wiercioch*

6